**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee,*

v.

TRACEY PINKNEY DANIELS, a/k/a
Tracey Pinkney,

   *Defendant-Appellant.*

$\left.\vphantom{\begin{array}{c} \\ \\ \\ \\ \\ \\ \\ \\ \end{array}}\right\}$ No. 03-4527

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron M. Currie, District Judge.
(CR-02-217)

Submitted: December 3, 2003

Decided: December 31, 2003

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lori S. Murray, LAW OFFICES OF LORI S. MURRAY, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tracey Pinkney Daniels pled guilty to conspiracy to possess with
intent to distribute controlled substances, in violation of 21 U.S.C.
§ 846 (2000). Daniels appeals her sentence of 262 months' imprison-
ment. We find no error and affirm.

Daniels asserts the district court erred in its failure to award her an
adjustment for a mitigating role in the offense, *U.S. Sentencing
Guidelines Manual* § 3B1.2 (2002). A defendant has the burden of
showing by a preponderance of the evidence that she had a mitigating
role in the offense. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th
Cir. 1999). A defendant may receive a four-level reduction for being
a minimal participant if she is "plainly among the least culpable of
those involved in the conduct of a group." USSG § 3B1.2(a), com-
ment. (n.4). This level of culpability is shown by the defendant's
"lack of knowledge or understanding of the scope and structure of the
enterprise and of the activities of others . . . ." *Id.* A two-level reduc-
tion may be made when a defendant is a minor participant, that is, one
who "is less culpable than most other participants, but whose role
could not be described as minimal." USSG § 3B1.2(b), comment.
(n.5). The "critical inquiry is thus not just whether the defendant has
done fewer 'bad acts' than his codefendants, but whether the defen-
dant's conduct is material or essential to committing the offense."
*United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001) (internal
quotation omitted). Role adjustments are determined on the basis of
the defendant's relevant conduct. *United States v. Fells*, 920 F.2d
1179, 1183-84 (4th Cir. 1990). The district court's determination con-
cerning the defendant's role in the offense is reviewed for clear error.
*United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). The district
court found Daniels was not entitled to a mitigating role adjustment
because she was involved in handling heroin, bundled money from
drug proceeds, knew she was living among drugs and guns, paid rent

for a residence where drugs were manufactured with her acquiescence and large quantities of drugs were stored in her bedroom. We find no clear error in the district court's determination that Daniels was not a minimal or minor participant.

Daniels also contends that it was error when the Probation Officer first recommended an adjustment for a mitigating role and then revised the presentence report after Daniels' objections pointed out that the base offense level was properly reduced to thirty, pursuant to USSG § 2D1.1(a)(3). The district court, however, was not bound by the Probation Officer's recommendation in the presentence report. *United States v. Gordon*, 895 F.2d 932, 936 (4th Cir. 1990).

Accordingly, we affirm Daniels' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*